### The City of Augusta.

### The W. E. Cheney.

### Carpenter v. The City of Augusta and another.

*(District Court, S. D. New York. March 19, 1887.)*

1. COLLISION—WHARVES AND SLIPS—BURDEN OF PROOF.
    Where a vessel, moving out of the slip, injures another moored to the wharf, the burden of proof is upon the former to show that she was without fault.

2. SAME—CASE STATED—OLD VESSEL—SUSPICIOUS CIRCUMSTANCES—HALF DAMAGES.
    While the steamer C. of A. was being towed out of the slip, the libelant's sloop, lying along the wharf, was injured by being jammed in consequence, as was alleged, of the steamer's bowline not being cast off in time. *Held*, on a conflict of evidence, that the sloop was jammed by the steamer; but the sloop being old, and previous notice given to the sloop to move away, and other circumstances existing not satisfactorily explained, half damages only were allowed.

In Admiralty.
*Hyland & Zabriskie*, for libelant.
*John E. Ward*, for the City of Augusta.

BROWN, J. As the libelant's sloop Frances was lying along the northerly side of pier 35, taking in a cargo of iron, she was jammed somewhat, as I must find upon the evidence, by the steamer City of Augusta, as the latter was being towed out of the slip at high water, to be taken to the dry-dock. The great confidence with which most of the witnesses for the City of Augusta testified that this was before dinner, when the time of tide shows that it must have been several hours after, detracts not a little from the confidence to be placed in the details of their tes-

timony in other respects. The explanation of the collision given by the libelant's witnesses is that the steamer was started before the bowline was cast off, and that her head was accordingly jerked towards the libelant's vessel. It is denied by the steamer's witnesses that she had started before the line was cast off. The sloop, however, was not wrongfully where she was, and, as she was struck by a vessel in motion, the burden of proof is upon the latter to show herself without fault. Considering all the evidence, I do not think that this burden is sustained, and the City of Augusta must therefore be held liable. .

The sloop, however, was 26 years old. She has not been repaired since the accident. She was used more or less for a considerable time without repair after the accident, and was subsequently sold for $300, under attachment. These circumstances are so peculiar, suspicion of the infirmity of the vessel is so strong, and the testimony of the libelant himself was accompanied by so singular mistakes, that I do not feel warranted in giving him the benefit of full repair, as of a vessel probably able to withstand ordinary contacts. If the vessel was weak, as well as old, as I very strongly suspect, I think the captain should have got out of the way, according to the previous notice given him, or have taken care that the person who suggested to him to remain was either the superintendent or some proper representative of the steamer, neither of which is proved. Under the circumstances, therefore, I allow him half of his damages, as against the City of Augusta, and estimate this half at $300, for which sum the libelant may take a decree; or, if desired, a reference may be taken by either party to compute the damages, at the risk of costs to the party demanding it, if a more favorable award is not given.